(No. 75-CV-31—)

ANNA M. DOUGLAS, on behalf of CLYDE DOUGLAS, Victim, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 28, 1975.*

ANNA M. DOUGLAS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 7, 1973, in a parking lot near 2237 North Sheffield Avenue, Chicago, Illinois. Anna M. Douglas, mother of the victim, seeks payment of com-

pensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill. Rev. Stat., 1973, Ch. 70, §71, et seq. (*hereafter referred to as the "Act".*)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's son, Clyde Douglas, age 21, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on December 7, the victim was shot and wounded in the chest and right thigh while walking home from a girlfriend's home.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim was hospitalized from December 8, 1973, to December 21, 1973, and received treatment for injuries sustained in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, Terry Smith, of 1037 East 100th Place, Chicago, Illinois, was arrested by the Chi-

cago Police Department on charges of Aggravated Battery. He has subsequently been found guilty and sentenced to one year and one day.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and the claimant and the victim have fully cooperated with their requests for assistance.

8. That the claimant incurred medical and hospital expenses which were in no part covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

1) Hospital ...................................... $3,336.20
2) Medical ....................................... 900.00

$4,236.20

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds, or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five thousand dollars to life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, neither the claimant nor the victim received any benefits from other sources, as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9 leaves an amount of compensable loss sustained by the claimant of $4,036.20. Claimant paid these medical expenses for her son.

It Is Hereby Ordered that the sum of $4,036.20 be awarded to the claimant, Anna M. Douglas, as the

mother of Clyde Douglas, the innocent victim of a violent crime. [Pursuant to §3(a) of the Act.]

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED AND NINETY NINE DOLLARS AND NINETY NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award and that the balance of the award due the claimant in the sum of $3,306.21 be referred forthwith to the General Assembly for its approval.